**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHAWN J. GIESWEIN,

    Defendant - Appellant.

No. 20-6048
(D.C. No. 5:07-CR-00120-F-1)
(W.D. Okla.)

————————————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
————————————————————

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
————————————————————

Shawn Gieswein, a prisoner proceeding pro se, appeals the district court's denial

of a "Motion to Correct Plain Error" in which he sought reconsideration of his sentence.

We agree with the district court's construction of the motion as an unauthorized second

or successive petition under 28 U.S.C. § 2255 and deny Gieswein a certificate of

appealability (COA).

Gieswein was convicted of witness tampering and being a felon in possession of a

firearm in 2007. The district court concluded he qualified as an armed career criminal

under 18 U.S.C. § 924(e) and sentenced him to 240 months' imprisonment. Gieswein's

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction and sentence were upheld on collateral review. In 2016, with authorization from this court, Gieswein filed a successive § 2255 motion arguing that, under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), he was no longer subject to the armed career criminal sentencing enhancement. The district court granted Gieswein's motion and set the case for resentencing.

Even absent the armed career criminal designation, the district court sentenced Gieswein to the same term of imprisonment, a result which was affirmed on direct appeal, *United States v. Gieswein*, 887 F.3d 1054, 1064 (10th Cir.), *cert. denied*, 139 S. Ct. 279 (Oct. 1, 2018). Gieswein then challenged this sentence with a § 2255 petition, which the district court denied in November of 2018. This court denied Gieswein a COA in connection with this petition in April of 2019.

Gieswein subsequently filed two more challenges to his sentence, this time invoking Fed. R. Crim. P. 52(b). The first of these was dismissed for lack of jurisdiction in June of 2019 as an unauthorized successive § 2255 petition, and the second was dismissed in March of 2020 on the same basis. It is this latter denial he seeks to appeal. Before he can obtain a COA, Gieswein must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court dismissed Gieswein's motion on a procedural ground without reaching his underlying constitutional claim, to obtain a COA he must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

2

its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

Before the district court, Gieswein captioned his request for resentencing as a "Motion to Correct Plain Error Under Fed. R. Crim. P. 52(b)." Thus, before this court, he appears to assert his motion was not a § 2255 motion because "under Fed. R. Crim P. 52(b) a plain error can be filed and corrected at any time." COA Appl. & Aplt. Br. at 3. We disagree. Rule 52(b) is not an appropriate substitute for collateral attack of a sentence on appeal. *United States v. Frady*, 456 U.S. 152, 164 (1982) ("Because it was intended for use on direct appeal, . . . the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by . . . the affirmance of the conviction on appeal."); *see also United States v. Anaya*, 736 F. App'x 205, 206 (10th Cir. 2018)[1] (concluding Fed. R. Crim. P. 52(b) "does not provide an independent legal basis for a collateral attack on a final judgment. Instead, a § 2255 motion provides the proper vehicle for this review." (citation omitted)). Regardless of how it is captioned, Gieswein's motion amounts to a collateral attack on his federal sentence. It is therefore subject to the strictures of § 2255, including the prior authorization requirement of § 2255(h). Gieswein has not established that reasonable jurists could debate whether the district court correctly construed his motion as a second or successive § 2255 motion and dismissed it for lack of jurisdiction.

---

[1] This unpublished order and judgment is cited for its persuasive value only. *See* 10th Cir. R. 32.1(A).

The request for a COA is therefore denied.  The motion to proceed in forma pauperis is granted.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

4